UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80149-CR-MARRA (s)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MATTHEW SISS,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and MATTHEW SISS (hereinafter referred to as "the defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges the defendant with Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d).

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "the Sentencing Guidelines") in an advisory capacity. The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable advisory guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the applicable advisory guideline range and impose a sentence that is either more severe or less severe than the advisory guidelines range. The Court is permitted to tailor the ultimate sentence in light of other statutory

concerns. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty years for the offense set forth in Count 1, followed by a term of up to three years of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant, which will be paid by the defendant at the time of imposition of sentence.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraphs 2, 3 and 4 of this agreement, forfeiture may be imposed as part of that sentence. The defendant agrees to the forfeiture of all of his right, title and interest to all assets listed in the Superseding Indictment, and/or their substitutes (hereinafter "the assets"), whether controlled individually or through defendant's wholly owned or partially owned corporations/companies or third-parties, which are subject to forfeiture pursuant to Title 18, United States Code, Sections 1963, 982(a)(1), 981(a)(1)(C) and/or Title 21, United States Code, Section 853. The defendant also agrees to assist the United States in achieving forfeiture of the assets and agrees to assist the United States with forfeiture of same, such assistance to include truthful testimony, especially to the extent that the assets are in the names of corporations or other entities or individuals. The defendant knowingly and voluntarily waives any right to a jury trial or any other adversarial proceeding regarding the assets and

waives any notification about forfeiture proceedings, whether administrative or judicial. The defendant further waives any statute of limitations with respect to the commencement of such forfeiture proceedings, whether administrative or judicial. The defendant also waives any defenses to the forfeiture, including any claim of excessive fine or penalty under the Eighth Amendment. The defendant also agrees to waive any appeal of the forfeiture. The defendant further acknowledges that the property forfeited cannot, either in whole or in part, be used to satisfy any obligation the defendant may have for any federal, state or local taxes, interest and/or other penalties which may now exist or which may come into existence.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "this Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by three levels the advisory sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3)

3

commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense or making false statements or misrepresentations to any governmental entity or official. In the event the applicable advisory guideline level calculation exceeds the statutory maximum, the United States will not oppose defendant's request that the Court reduce the defendant's advisory guideline range by three levels from the statutory maximum sentence in consideration for the defendant's timely acceptance of responsibility.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may <u>not</u> withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office. In addition, the defendant agrees that

he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, and in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all

rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. The defendant further waives any right to file any motion or make any claim, whether under 28 U.S.C. §§2255, 2254, 2241, or any other provision of law, to collaterally attack his conviction, his sentence, or the manner in which sentence was imposed, unless the sentence exceeds the maximum permitted by statute.

14. The defendant confirms that he is guilty of the offenses to which he is pleading guilty; that his decision to plead guilty is the decision that he has made; and that nobody has forced, threatened, or coerced him into pleading guilty. The defendant affirms that he has discussed the matter of pleading guilty in the above-referenced cases thoroughly with his attorney. The defendant further affirms that his discussions with his attorney have included discussion of possible defenses that he may raise if the case were to go to trial, as well as possible issues and arguments that he may raise at sentencing. The defendant additionally affirms that he is satisfied with the representation provided by his attorney. The

defendant accordingly affirms that he is entering into this agreement knowingly, voluntarily, and intelligently, and with the benefit of full, complete, and effective assistance by his attorney. The defendant accordingly agrees that by entering into this agreement he waives any right to file any motion or make any claim, whether under 28 U.S.C.§§2255, 2254, 2241, or any other provision of law, that contests the effectiveness of counsel's representation up to the time of the entry of his guilty plea.

15.  This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/6/11

PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

Date: 10/6/11

STRIDER DICKSON
ASSISTANT UNITED STATES ATTORNEY

Date: 10/6/11

LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

Date: 10/6/11

HEIDI M. PERLET + Marc Shiner
ATTORNEY FOR DEFENDANT

Date: 10/6/11

MATTHEW SISS
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80149-CR-MARRA/HOPKINS(s)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MATTHEW SISS,

        Defendant.
_____/

## STIPULATED STATEMENT OF FACTS

The United States of America and MATTHEW SISS enter into the following stipulated statement of facts in support of the defendant's plea of guilty:

Had this case proceeded to trial, the government would have presented evidence by way of witness testimony, Court authorized wire interceptions of coconspirators and documentary evidence. The government would have proven that the defendant, MATTHEW SISS, conspired to participate in criminal activities with a group of individuals and entities associated in fact as a criminal enterprise. The pattern of racketeering activity included multiple acts of illegal distribution of anabolic steroids. The government's evidence would establish that the activities of the criminal enterprise affected interstate commerce.

In sum and substance, the evidence establishes that, in or about 2006, Jeffrey George established and operated an illegal internet anabolic steroid distribution business, South Beach Rejuvenation. The government's evidence would establish that anabolic steroids are a Schedule III controlled substance. The business marketed the sale of steroids through advertisements placed in

fitness/body building magazines and on the internet. Jeffrey George recruited friends and individuals he met in the gym to solicit customers via the telephone. Defendant SISS had a social interaction with Jeffrey George and thereafter was hired as a telephone sales consultant. None of the telephone sales consultants had any medical training or experience. The sales consultants, including SISS, were paid based upon commission and therefore attempted to convince the customers to purchase the largest quantities of steroids. The consultants would prepare the prescriptions based upon conversations with the customers. The customers were required to have a physical and a blood test performed, usually near their residence. The customers also had to complete an on-line questionnaire. The physician employed by Jeffrey George, coconspirator Dr. Daniel Hauser, failed to examine the patients in-person, but rather relied upon the records contained in the file. In most cases, coconspirator Hauser signed and authorized the prescriptions which were prepared by the sales consultants. The defendants and coconspirators understood that the anabolic steroids were not prescribed to treat muscle wasting diseases but rather were used to illegally enhance athletic and body building activities. Thereafter, the prescriptions were sent to pharmacies used by Jeffrey George to provide and distribute the steroids. Such activity is in violation of federal criminal law (21 U.S.C. 829e) which requires an in person examination for the prescription of controlled

substances. The prescribing of steroids was conducted without a legitimate medical purpose and there was no patient/physician relationship.

The above-described activities occurred in the Southern District of Florida and affected interstate commerce through the illegal sale of anabolic steroids to individuals outside of Florida.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/6/11

PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

Date: 10/6/11

LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

Date: 10/6/11

STRIDER DICKSON
ASSISTANT UNITED STATES ATTORNEY

Date: 10/6/11

HEIDI M. PERLET     Marc Shiner
ATTORNEY FOR DEFENDANT

Date: 10/6/11

MATTHEW SISS
DEFENDANT

3